**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Khori Francis,

Plaintiff,

v.

Doug Collins, et al.,

Defendants.

No. CV-25-01009-PHX-KML

**ORDER**

Plaintiff Khori Francis, a former police officer for the Phoenix Veterans Affairs Police Department ("VAPD"), brings a Title VII retaliation claim against Doug Collins in his official capacity as Secretary of Veterans Affairs. In October 2025, Francis's claim was dismissed with limited leave to amend for failure to plausibly state a claim. His fourth amended complaint again fails to allege sufficient facts to state a retaliation claim and is dismissed without leave to amend.

## I.    Background

A more complete background is provided in the October 21, 2025, order. (Doc. 34.) In brief, Francis was a police officer with the Phoenix VAPD. (Doc. 35 at 1.) Between January 2022 and February 2025, Francis submitted three separate Equal Employment Opportunity ("EEO") complaints. (Doc. 35 at 2.) Only the third EEO complaint is relevant here. That complaint alleged the VAPD had retaliated against Francis by reviving a DOJ criminal investigation involving improper timekeeping allegations, purportedly because of his prior EEO activity. (Doc. 36-4 at 2.) The VA's Office of Resolution Management

dismissed that third EEO complaint on February 19, 2025, reasoning the complaint was effectively a collateral attack on the DOJ's process and outside VA jurisdiction, and noting the DOJ is a federal agency distinct and independent from the VA. (Doc. 36-5 at 4.) Francis filed this civil action on March 27, 2025. (Doc. 1.)

In October 2025, the court dismissed Francis's sole remaining retaliation claim with limited leave to amend. (Doc. 34.) The court explained Francis had not identified an actionable adverse action nor plausibly alleged but-for causation. (Doc. 34 at 7.) If Francis chose to amend, he was ordered to provide "significantly more facts" and, in particular, to "identify the adverse action taken against him" and "allege sufficient facts to show a causal link between his protected EEO activity . . . and the adverse action." (Doc. 34 at 8.) Francis amended his complaint but did not comply with those directions.

According to the fourth amended complaint, in 2025 the DOJ "reopened a matter" (*i.e.*, the timekeeping investigation that had been "presumed closed due to nearly two years of inactivity"). (Doc. 35 at 2.) Francis now identifies "criminal investigator" Richard Kennedy as the person who revived the investigation. (Doc. 35 at 2.) Francis does not clarify whether Kennedy works for the DOJ or another employer. Francis alleges "[o]n information and belief, this reopening occurred after VA officials . . . transmitted information and communications about [Francis] to Investigator Kennedy and DOJ personnel." (Doc. 35 at 3.) There are no specific facts regarding the alleged communications.

The VA again moves to dismiss for failure to state a claim. (Doc. 36.) Two months after the motion to dismiss was fully briefed, Francis filed a document titled "Affidavit of Khori Francis," which includes additional allegations and attempts to reframe the asserted adverse action. (Doc. 39.)

## II.     Standard

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (simplified). This is not a "probability requirement," but a

requirement that the factual allegations show "more than a sheer possibility that a defendant has acted unlawfully." *Id*. A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*. at 679.

## III.    Analysis

### A.  Failure to State a Claim

After the prior order, Francis's only surviving theory is Title VII retaliation by the VA through reviving the DOJ's investigation beginning in early 2025. (Doc. 34 at 9.)

To state a prima facie case of retaliation, a plaintiff must show: (1) he engaged in protected activity; (2) he suffered an adverse employment action; and (3) a causal connection exists between the protected activity and the adverse employment action.[1] *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1093–94 (9th Cir. 2008). Title VII's anti-retaliation protections extend to former employees, *Robinson v. Shell Oil Co.*, 519 U.S. 337, 346 (1997), and the adverse-action element is met where the challenged conduct "well might have dissuaded a reasonable [person] from making or supporting a charge of discrimination." *Emeldi v. Univ. of Or.*, 698 F.3d 715, 726 (9th Cir. 2012) (simplified). The parties do not dispute Francis engaged in protected EEO activity in 2022 and 2023, so only the second and third elements are at issue. (Doc. 38 at 2.)

Francis attempts to satisfy the adverse-action element by alleging fear of prosecution, emotional and financial harm, reputational stigma, and difficulty obtaining law-enforcement credentials in light of the renewed DOJ investigation. (Doc. 35 at 3–5.) But the core "action" he identifies is the DOJ's conduct, not any concrete act by the VA.

---

[1] The requirement of establishing a prima facie case is an "evidentiary standard" and not a "pleading requirement[]." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 510 (2002). Thus, a complaint cannot be dismissed merely because it does not contain facts establishing all the requirements of a prima facie case. *See Austin v. Univ. of Or.*, 925 F.3d 1133, 1137 (9th Cir. 2019). That said, a plaintiff's complaint must still include "sufficient, nonconclusory allegations plausibly linking the [adverse] action to discrimination" or retaliation. *Id*. at 1138 (applying this standard in the Title IX context).

The complaint offers only generalized assertions that the VA "maintain[ed] false and stigmatized records" or "constructively den[ied]" credential eligibility, without identifying what records exist, who maintained them, who denied credentials, when any denial occurred, or—most importantly—how those consequences are traceable to VA action rather than the existence of an independent DOJ inquiry. (Doc. 35 at 5.) Absent factual allegations showing the VA actually took a materially-adverse step, the complaint does not plausibly plead an adverse action. *See Iqbal*, 556 U.S. at 678 (conclusory allegations do not suffice).

Even assuming the renewed DOJ investigation and its alleged downstream effects could qualify as materially adverse, Francis still fails to plead the required causal link. A retaliation claim requires but-for causation. *Univ. of Tex. Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 362 (2013). Francis again does not plausibly allege that the VA took, directed, or substantially influenced the DOJ's decision to renew its investigation. Instead, he offers only speculative assertions that VA officials "transmitted information" to the DOJ and that the departure of the VA Police Chief somehow relates to the DOJ's renewed attention. (Docs. 35 at 2–3; 37 at 9.) Francis pleads no nonconclusory facts identifying who at the VA communicated with the DOJ, what was communicated, when it was communicated, or why any such communication would suggest a retaliatory motive rather than routine information-sharing.

The temporal gap further weakens causation. Francis's protected activity occurred in 2022 and 2023, but the investigation was allegedly renewed in early 2025. "A nearly 18-month lapse" (let alone a longer one, like here) is "too long, by itself, to give rise to an inference of causation." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1065 (9th Cir. 2002). Although Francis argues causation can be inferred from a "pattern of antagonism" (Doc. 37 at 5), the complaint alleges no specific intervening retaliatory acts or ongoing hostility between his protected activity and the alleged renewed investigation. *Cf. Porter v. Cal. Dep't of Corr.*, 419 F.3d 885, 895 (9th Cir. 2005). Finally, Francis's invocation of a third-party influence "cat's paw" theory does not salvage the claim. (Doc. 37 at 5.) Even

assuming such a theory could apply, the complaint alleges no facts showing any VA official proximately caused the DOJ's actions. Speculation about influence over an independent agency—which is all Francis offers—cannot establish causation. *See Staub v. Proctor Hosp.*, 562 U.S. 411, 422 (2011).

Because Francis again fails to allege facts plausibly linking the VA to the DOJ's renewed investigation, he has not stated a plausible Title VII retaliation claim. Since he was already granted leave to amend specifically to cure this defect and failed to do so, the complaint is now dismissed without leave to amend. *See Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051–52 (9th Cir. 2008) (affirming denial of leave to amend as futile where prior district court order put plaintiffs "on notice . . . of the same defects" that led to dismissal of amended complaint).

### B. Francis's "Affidavit"

Two months after the motion was fully briefed, Francis filed a document he calls an "affidavit." (Doc. 39.) This unauthorized filing appears to abandon the fourth amended complaint's DOJ-investigation theory and instead recasts the case as arising from Deputy Chief Alan Barone's August 2025 comments and their unspecified relationship to a different complainant's case. (Doc. 39 at 1–2.) Because those allegations concern a different asserted adverse action than the one pleaded in the complaint—which took place five months after this lawsuit was first filed—the court does not consider them in resolving the pending motion. Francis's new theory does not appear to have been exhausted, but even if credited, the affidavit's allegations do not cure the defects discussed above or supply nonconclusory facts tying the VA to the DOJ's investigative decisions in early 2025.

/
/
/
/
/
/

Accordingly,

**IT IS ORDERED** the Motion to Dismiss (Doc. 36) is **GRANTED**. Francis's complaint (Doc. 35) is **DISMISSED WITH PREJUDICE** for failure to state a claim. The Clerk of Court shall enter judgment in favor of defendant and close this case.

Dated this 26th day of February, 2026.

**Honorable Krissa M. Lanham**
**United States District Judge**